UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARI MOON,<br><br>                Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL,<br><br>                Defendant. | CASE NO. C17-5044JLR<br><br>ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Theresa Fricke (R&R (Dkt. # 17)); Plaintiff Kari Moon's objections to the Report and Recommendations (Pl. Obj. (Dkt. # 19)); and Defendant Nancy Berryhill's ("the Commissioner") objections to the Report and Recommendations (Def. Obj. (Dkt. # 18)). Having carefully reviewed all of the foregoing, along with the responses to those objections, the administrative record, and the governing law, the court ADOPTS the Report and Recommendation for the reasons discussed below.

ORDER - 1

## II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objections are made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

## III. DISCUSSION

Neither party's objections raise any novel issue that was not addressed by Magistrate Judge Fricke's Report and Recommendation. Moreover, the court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that record. Accordingly, the court independently rejects the parties' arguments made in its objections for the same reasons as Magistrate Judge Fricke did.

However, the court makes one clarification. Magistrate Judge Fricke's recommendation that the Administrative Law Judge ("ALJ") must specify how often Ms. Moon must change between sitting and standing was based on Social Security Ruling

//

("SSR") 96-9p.[1] (R&R at 4-5.) The Commissioner argues that this recommendation is erroneous because SSR 96-9 only applies "to individuals who are limited to less than sedentary work, rather than the light work of which [Ms. Moon] was capable." (Def. Obj. at 2.) The court agrees with the Commissioner that SSR 96-9p does not apply to light work. *See Hodge v. Barnhart*, 76 F. App'x 797, 800 (9th Cir. 2003) ("Ruling 96-9p does not apply to light work.").

Nonetheless, Magistrate Judge Fricke's recommendation is supported by SSR 83-12. SSR 83-12 addresses the "special situation[]" of alternate sitting and standing generally and directs the ALJ to consult a vocational expert to "clarify the implications for the occupational base." *Titles II and XVI: Capability to Do Other Work-The Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations Within a Range of Work or Between Ranges of Work*, 1983-1991 Soc. Sec. Rep. Serv. 36, at *4 (1983). As SSR 83.12 explains, there are jobs in the national economy that provide a degree of choice between sitting and standing, but these positions are typically professional and managerial. *Id.* Unskilled types of jobs are more often structured so that a person cannot choose when or whether to sit or stand. *Id.* For this reason, SSR 83-12 advises consultation with a vocational expert. *See id.* For that consultation to be effective, the ALJ to be more specific about how often Ms. Moon would need to change

---

[1] SSR 96-9p, entitled "Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work," states "[t]he [Residual Functional Capacity] assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work—Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*, 1996 WL 374185, at *7 (1996).

positions. *See id.* Without that specificity here, there is no way for the ALJ, or the court, to determine if the vocational expert's testimony provides a sufficient basis for the ALJ's conclusions.

## IV. CONCLUSION

For the foregoing reasons, the court ADOPTS the Report and Recommendation (Dkt. # 17) with the clarification that more specificity regarding how often Ms. Moon needs to alternate between sitting and standing is supported by SSR 83-12 and is necessary to permit the ALJ, and the court, to determine whether the vocational expert's testimony provides a sufficient basis for the ALJ's decision. The Commissioner's decision is REVERSED, and the case is REMANDED to the Social Security Administration for further proceedings consistent with the Report and Recommendation. The court DIRECTS the Clerk to send copies of this order to the parties and the Honorable Theresa Fricke.

Dated this 20th day of February, 2018.

JAMES L. ROBART
United States District Judge