UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARI MOON,

               Plaintiff,

v.

NANCY A. BERRYHILL,

               Defendant.

Case No. C17-5044JLR

ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES AND EXPENSES

## I. INTRODUCTION

This matter is before the court on Plaintiff Kari Moon's motion for attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Mot. (Dkt. # 24).) The court adopted Magistrate Judge Theresa Fricke's report and recommendation (R&R (Dkt. # 17)), reversing and remanding this matter for further administrative proceedings on February 20, 2018. (Order (Dkt. # 22).) Ms. Moon now seeks to recover her attorneys' fees and expenses, in the amount of $3,783.97. (Mot. at 1.) Defendant Nancy A. Berryhill (the "Commissioner") opposes Ms. Moon's motion. (Resp. (Dkt. # 26).) For the reasons discussed below, the court GRANTS the motion.

//

## II. BACKGROUND

Ms. Moon filed for supplemental security income benefits alleging a disability onset date of July 22, 2009. (R&R at 1.) An ALJ conducted a hearing on June 15, 2016, at which Ms. Moon and a vocational expert ("VE") testified. (*Id.*) On October 4, 2016, the ALJ issued a decision finding that Ms. Moon had a number of severe impairments, and set forth a residual functional capacity ("RFC") that limited Ms. Moon to, among other things, jobs that give her "the ability to alternate positions from sitting to standing or from standing to sitting." (*Id.* at 2, 4.) Based on this RFC and testimony from the VE, the ALJ found that Ms. Moon could perform jobs existing in significant numbers in the national economy, and therefore was not disabled. (*Id.* at 2.)

Ms. Moon appealed the ALJ's decision, arguing that the ALJ erred: (1) in evaluating the medical opinion evidence; (2) in assessing Ms. Moon's RFC; and (3) in finding that Ms. Moon could perform jobs existing in significant numbers in the national economy. (Moon Op. Br. (Dkt. # 14) at 1, 4-9.)

On November 13, 2017, Magistrate Judge Fricke issued a report and recommendation finding that the ALJ erred in assessing Ms. Moon's RFC, and in finding that Ms. Moon could performs jobs existing in significant numbers in the national economy, but that the ALJ did not err in evaluating the medical opinion evidence. (R&R at 2.) Magistrate Judge Fricke held that the ALJ failed to fully address in the RFC how often Ms. Moon must change between sitting and standing. (*Id.* at 3-5.) Magistrate Judge Fricke further held that the ALJ erred in finding that Ms. Moon could perform jobs

existing in significant numbers in the national economy because (a) the ALJ relied on the erroneous RFC, and (b) the ALJ failed to adequately resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (*Id.* at 6-11.) The VE had testified that the DOT does not address sit/stand options, and stated that her testimony about jobs available to Ms. Moon based on a requirement to alternate between sitting and standing was thus based on the VE's own experience. (*Id.* at 8.) Magistrate Judge Fricke held that the VE's qualifications alone "[did] not by itself amount to a reasonable explanation for the deviation from the DOT in the VE's testimony"; the VE did not identify any research data she had considered in reaching her job estimates, nor any particular knowledge she had from her experience that gave her a foundation on which to to opine about the number of jobs available that would accommodate a sit/stand alternation limitation. (*Id.* at 9-10.)

The court issued an order adopting Magistrate Judge Fricke's report and recommendation on February 20, 2018. (Order.) The court made only one clarification, stating that the ALJ must specify how often Ms. Moon must change between sitting and standing based on Social Security Ruling ("SSR") 83-12, rather than SSR 96-9p, on which Magistrate Judge Fricke had relied. (*Id.* at 2-4.)

### III. DISCUSSION

The court has discretion to grant or deny a request for attorneys' fees and costs pursuant to the EAJA. *Pierce v. Underwood*, 487 U.S. 552, 562-63 (1988). The EAJA authorizes payment of attorneys' fees to a prevailing party in an action against the United

States, unless the court finds that the government's position on the merits in the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not contest that Ms. Moon is the prevailing party, and thus the only issue before the court is whether the government's position was substantially justified.

The Commissioner bears the burden of proving that her position was substantially justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citing *Meier v. Colvin*, 727 F.3d 867, 869-70 (9th Cir. 2013)). To meet her burden, the Commissioner must demonstrate that her position had a reasonable basis in both law and fact at each stage of the proceedings. *Tobeler*, 749 F.3d at 832. "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier*, 727 F.3d at 870. The government must therefore show that both the ALJ's underlying decision and the government's position in defending the ALJ's decision had a reasonable basis in law and fact.

The government's position lacks a reasonable basis in law when it is contrary to clearly established law. *See, e.g.*, *Tobeler*, 749 F.3d at 832-33 (finding underlying agency action lacked a reasonable basis in law because, contrary to Ninth Circuit law, the ALJ disregarded lay testimony without comment). The government's position has a reasonable basis in fact if the ALJ's reasoning is supported by the evidence of record. A holding that the agency decision is unsupported by substantial evidence is a "strong indication" that the government's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). "[I]t will be only a 'decidedly unusual case

in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id.* (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)).

The Commissioner argues that her positions on both issues on which she lost were substantially justified because courts have found in her favor on similar arguments in the past. (Resp. at 2-4.) First, she argues that the ALJ's failure to identify how frequently Ms. Moon must be allowed to alternate between sitting and standing (and the government's litigation of the ALJ's action) had a reasonable basis in law and fact because courts in other cases have found that ALJs are not required to specify how frequently a claimant must alternate between sitting and standing in the RFC. (*Id.* at 2-3.) Second, she argues that the ALJ adequately relied on the VE's statement that her deviation from the DOT was based on her experience because, again, other courts have found it sufficient to rely on a VE's experience in explaining a departure from the DOT. (*Id.* at 3-4.)

The crux of the error in the ALJ's decision is that he failed to elicit adequate testimony from the VE or set forth substantial evidence to support his ultimate disability determination. (*See* R&R at 3-11.) By failing to state the frequency at which Ms. Moon must be allowed to alternate between sitting and standing, the ALJ left the record devoid of evidence showing Ms. Moon could perform any jobs existing in significant numbers in the national economy. There was no way to determine whether the jobs identified by the VE would adequately accommodate Ms. Moon's sit/stand limitation.

In the cases cited by the Commissioner, by contrast, the record showed that the jobs identified by the VE could accommodate the claimant's limitations. In *Hodge v. Barnhart*, 76 F. App'x 797 (9th Cir. 2003), for example, the Ninth Circuit held that it was unnecessary for the ALJ to have identified a specific frequency at which the claimant could alternate between sitting and standing because the VE testified that the jobs he identified "included the option to sit or stand at any time." *Id.* at 800. Frequency was thus irrelevant to whether the claimant could perform these jobs. *See also Binggeli v. Astrue*, No. C08-1316 CRD, 2009 WL 174622, at *3 (W.D. Wash. Apr. 27. 2009) (holding that he ALJ did not need to include frequency of sit/stand alternation where VE testified as to jobs that give the "freedom to sit and stand," implying the ability to alternate as needed). Here, there is no such testimony. The ALJ's ultimate determination was therefore not based on substantial evidence, and did not have a reasonable basis in law or fact. The Commissioner's position was thus not substantially justified.

Similarly, the ALJ failed to elicit meaningful testimony explaining his deviation from the DOT. "To deviate from the DOT classification, an ALJ 'may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (quotiung *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). Persuasive evidence is more than an ALJ's speculation or a VE's "brief and indefinite testimony." *See Tommasetti*, 533 F.3d at 1042. But that is all the VE provided here; she testified that the DOT does not address sit/stand options, and that her testimony on available jobs that

would accommodate Ms. Moon came from her "17 years of experience in performing job analyses and labor market surveys." (AR (Dkt. # 10) at 817.) She did not testify as to what analyses she had performed, what labor markets she had surveyed, or any other information that could support the ALJ's deviation from the DOT. (*See id.*)

Ultimately, the Commissioner has not met her burden of showing substantial justification. Regardless of her litigation position, the ALJ's underlying position was not supported by substantial evidence. This is not such an unusual case as to support a finding of substantial justification despite the ALJ's lack of the necessary evidence, and thus Ms. Moon is entitled to her attorneys' fees and expenses pursuant to the EAJA. *See Thangaraja*, 428 F.3d at 874.

The Commissioner has not challenged the amount of fees sought (*see* Resp.), nor does the court see anything particularly unreasonable about Ms. Moon's request. The court will therefore grant the full amount of fees and expenses Ms. Moon seeks.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Ms. Moon's motion (Dkt. # 24). Ms. Moon is awarded attorneys' fees and expenses in the total amount of $3,783.97 under 28 U.S.C. § 2412(d). Subject to any offset allowed under the Treasury Offset Program, payment of this award shall be made via check sent to attorney Amy Gilbrough at Douglas, Drachler, McKee & Gilbrough, 1904 Third Avenue, Suite 1030, Seattle, Washington 98101. If the EAJA fees and expenses are not subject to any offset, they will be paid directly to the order of Amy Gilbrough.

DATED this 20th day of June, 2018.

_____
JAMES L. ROBART
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES AND
EXPENSES - 8